**Vicenza CARUSO–FAMIGLIETTI, Plaintiff–Appellant,**

v.

**HUNTINGTON UNION FREE SCHOOL DISTRICT, Carmen Casper, John Finello, Joseph Giani, James Polansky, Defendants–Appellees.**

No. 13–4341–cv.

United States Court of Appeals, Second Circuit.

May 19, 2014.

Steven A. Morelli, The Law Offices of Steven A. Morelli, P.C., Garden City, NY, for Appellant.

Steven C. Stern (Melissa L. Holtzer, *on the brief*), Sokoloff Stern LLP, Carle Place, NY, for Appellees.

Present: JOHN M. WALKER, JR., ROSEMARY S. POOLER, RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment is **AFFIRMED.**

Plaintiff Vicenza Caruso–Famiglietti appeals from the October 23, 2013 judgment of the United States District Court for the Eastern District of New York (Hurley, *J.*), granting Defendants–Appellees' motion to dismiss.

On appeal, Caruso–Famiglietti argues that the district court erred in dismissing her procedural due process claim.[1] Specifically, she contends that Defendants–Appellees violated her procedural due process rights by failing to provide an evidentiary hearing prior to excessing her. Caruso–Famiglietti grounds this claim on New York Education Law Section 2510(1), which some courts have suggested may require a predeprivation hearing when a tenured teacher's position is abolished and a similar position is concurrently created. *See, e.g., DeSimone v. Bd. of Educ., S. Huntington Union Free Sch. Dist.* 612 F.Supp. 1568 1570–71 (E.D.N.Y.1985).

Even were we to conclude that Caruso–Famiglietti was terminated and that a pre-termination hearing is required when a tenured teacher's position is abolished and

---

1. Caruso–Famiglietti does not challenge the dismissal of her claims alleging violations of the Equal Protection Clause of the Fourteenth Amendment and various state and local laws.

a similar post is concurrently created—two issues we do not reach—Caruso–Famiglietti fails to plausibly plead that the newly created positions in this case were similar to her old position.

We have also analyzed Caruso–Famiglietti's due process claim under the framework set forth in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Weighing all of the *Mathews* factors in the balance, Caruso–Famiglietti has not plausibly alleged a procedural due process violation.

We have considered Caruso–Famiglietti's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.